IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR MILKO, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1339 |
| | ) |
| MARY M. MILKO, UNITED STATES OF AMERICA, | ) Bankruptcy No. 04-35381 JKF |
| DEPARTMENT OF THE TREASURY, FOREST | ) |
| COUNTY TAX CLAIM BUREAU and BOBBY | ) Adversary No.   05-2610 |
| JEAN CASTNER, | ) |
| | ) |
| Appellees. | ) |

AMBROSE, Chief District Judge.

# **MEMORANDUM ORDER**

Under appeal is an Order of the Bankruptcy Court permitting the sale of certain property in connection with Debtor's bankruptcy. In particular, the Bankruptcy Court permitted the sale of the so-called Forest County Property pursuant to 11 U.S.C. § 363(h), and allegedly did so improperly. Appellant argues that he moved for stay of the sale pending appeal, and the Bankruptcy Court denied that motion. Appellee does not challenge the substance of the appeal; instead, she argues that the appeal is moot. Appellant did not file a reply brief, and therefore does not contest Appellee's contentions.

Even if Appellant had opposed those contentions, however, I see nothing in the record presented to counteract a finding of statutory mootness.[1]

---

[1] Because Appellant does not contest the mootness of this action, I will not waste judicial resources by remanding to the Bankruptcy Court for determinations surrounding the good faith of the purchase. Although a finding of good faith is clearly for the Bankruptcy Court in the first

The Bankruptcy Code provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

The United States Court of Appeals has formulated a two-prong test for mootness under § 363(m): 1) whether the order was stayed pending appeal; and 2) whether vacating the order would affect the validity of the sale. <u>Cinicola v. Scharffenberger</u>, 248 F.3d 110, 128 (3d Cir. 2001). Here, the order was not stayed pending appeal, and Appellant now seeks an order reversing the sale. I can fashion no remedy that would leave the validity of the sale intact.

Therefore, this **28th** day of March, 2006, it is ORDERED that this matter is dismissed as statutorily moot.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

instance, as an aside, I note that neither the record presented on appeal nor the parties' contentions would contradict such a finding.